# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case 1:20-cv-01219-STA-jay |
| | ) |
| $16,290.00 IN UNITED STATES CURRENCY, | ) |
| | ) |
| Defendant. | ) |

## ORDER STRIKING CLAIM AND ANSWER

Before the Court is the government's Motion to Strike Claim and Answer filed on July 27, 2021. (ECF No. 22.) The government requests that the Court strike claimant Rolando Lopez's claim and answer for failure to establish Article III standing. Lopez has failed to file a response to the government's motion. For the foregoing reasons, the Motion is **GRANTED**.

On September 28, 2020, the government filed a verified complaint of forfeiture pursuant to 21 U.S.C. § 881(a)(6). (ECF No. 1.) The complaint alleges that the defendant property seized by the Drug Enforcement Administration ("DEA") was used in exchange for controlled substances or represents proceeds of trafficking in controlled substances or was used or intended to be used to facilitate a violation of Title II of the Controlled Substances Act, 21 U.S.C. §§ 801 *et seq*. In an affidavit attached to the government's complaint, DEA Special Agent John Krieger averred that the defendant property was seized from Xavier Demetrius James on November 22, 2017. On January 22, 2018, James, claimant Rolando Lopez, and several others were indicted by grant jury in the Western District of Tennessee. The indictment contained forfeiture allegations giving notice

of the government's intent to forfeit the defendant property.  On February 25, 2019, Lopez entered a plea of guilty to Count One of the indictment.  His plea agreement provides in pertinent part: "[t]he defendant agrees to abandon any claim in any civil or administrative forfeiture proceeding as a result of the conduct to which the defendant is pleading under this agreement and agrees to forfeit any and all property seized from the defendant upon his arrest." (ECF No. 22-2.) On March 15, 2021, Lopez filed a verified claim *pro se*, asserting an interest in the defendant property, $16,290.00, stating that it is money awarded to him as part of an insurance settlement for "an auto accident he was involved in." (ECF No. 18.)  On July 27, 2021, the government filed the instant Motion to Strike Claim and Answer, arguing that the defendant property was subject to Lopez's plea agreement.  After a review of the plea agreement, the Court is persuaded by the government's contention that the defendant property is subject to the forfeiture provision in Lopez's plea agreement.

      The rules governing civil in rem forfeiture actions are found in 18 U.S.C. § 983 and Rule G of the Federal Rules of Civil Procedure's Supplemental Rules for Admiralty or Maritime Claims and Civil Forfeiture Actions (the "Supplemental Rules").  *United States v. $31,000.00 in U.S. Currency*, 872 F.3d 342, 347 (6th Cir. 2017).  Supplemental Rule G(8) provides in relevant part: "(I) At any time before trial, the government may move to strike a claim or answer: (A) for failing or comply with Rule G(5) or (6), or (B) because the claimant lacks standing." The Sixth Circuit has assessed Article III standing in civil forfeiture cases by requiring that "a claimant must have a colorable ownership, possessory or security interest in at least a portion of the defendant property." *See United States v. $515,060.42 in U.S Currency*, 152 F.3d 491, 497 (6th Cir. 1998). The Supplemental Rules further provide that a motion to strike "may be presented as a motion for judgment on the pleadings or as a motion to determine after a hearing or by summary judgment

whether the claimant can carry the burden of establishing standing by a preponderance of the evidence." Rule G(8)(c)(ii)(A)–(B).

First, the Court finds that the defendant property derived from the conduct to which Lopez pled guilty. Lopez pled guilty to Count One of the indictment – conspiracy to distribute and possess with the intent to distribute 50 grams or more of actual methamphetamine. (ECF No. 22-1.) The forfeiture provision of the indictment specifies that it incorporates Count One for purposes of alleging forfeitures pursuant to Title 21, including "$16,290.00 in U.S. Currency seized from Xavier James in Wilson County, TN on 11/22/2017." *Id*. As noted above, Lopez confirmed his abandonment of forfeiture claims related to the conduct in Count One in his plea agreement signed on February 25, 2019. This alone would be sufficient evidence establishing that Lopez has relinquished any interest he might have had in the defendant property. However, the defendant property was also referenced at Lopez's sentencing hearing on July 9, 2019, further confirming that the provenance of the property derives from the conspiracy to which Lopez pleaded guilty. As set out in the government's motion, DEA Special Agent Krieger testified that Lopez instructed other members of the conspiracy to go to various locations to collect sums of money. One such individual was co-conspirator Xavier James who was instructed by Lopez to pick up money from various individuals, as discovered through interdicted phone calls. The day after such phone calls, James was stopped by the DEA and found to be in possession of the defendant property. The $16,290.00 was not in a lump sum – according to Special Agent Krieger it was "in various amounts from different people." (ECF No. 22 at 4.) The fact that the defendant property was found in the possession of James, as opposed to Lopez, and that the property was not in a lump sum but was a collection of cash or checks collected from different people, belies Lopez's claim that the money was part of an insurance settlement. But even if the defendant property was originally part of an

3

insurance settlement, the government has met its burden of showing by a preponderance of the evidence that Lopez lacks Article III standing to assert a current interest in defendant property. Even if he once had an interest, Lopez explicitly relinquished such interest in his plea agreement wherein he agreed to "abandon any claim in civil or administrative forfeiture proceeding as a result of the conduct to which defendant is pleading guilty." The indictment specifically lists the defendant property as proceeding under the count to which Lopez pled guilty and testimony at Lopez's sentencing hearing further confirms the defendant property's connection to the conduct referenced in the plea agreement. Therefore, for the foregoing reasons, the government's Motion to Strike Claim and Answer is **GRANTED**. Lopez's verified claim and answer shall be stricken from the record. Lopez's Motion for Production of Prior Statements and for Sanctions Pursuant to Rule 37 (ECF No. 19) is **DENIED as moot**.

    **IT IS SO ORDERED**.

    **s/ S. Thomas Anderson**
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date:  August 19, 2021.