IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,       ) | |
| )                                 | |
| Plaintiff,                      ) | |
| v.                              ) | No. 1:20-cv-1219-STA-jay |
| )                                 | |
| $16,290 IN UNITED STATES CURRENCY, ) | |
| )                                 | |
| Defendant,                      ) | |
| )                                 | |
| and                             ) | |
| )                                 | |
| ROLANDO LOPEZ,                  ) | |
| )                                 | |
| Claimant.                       ) | |

**ORDER DENYING MOTION TO APPOINT COUNSEL, DENYING MOTION TO REINSTATE MOTION FOR PRODUCTION, AND GRANTING MOTION FOR SCHEDULING CONFERENCE**

This is a civil forfeiture action where the property in rem consists of $16,290.00 in U.S. currency. Before the Court is Claimant Rolando Lopez's Motion to Appoint Counsel, Reinstate his Motion for Production, and Motion for Scheduling Conference (ECF No. 39) filed January 23, 2023. For the reasons set forth below, Lopez's requests for appointment of counsel and the reinstatement of his pre-appeal motion for production are **DENIED**. His request for a scheduling conference is **GRANTED**.

**BACKGROUND**

This matter is back before the Court following Lopez's successful appeal of the Court's dismissal of his Verified Claim for lack of standing. In its order issued on October 26, 2022, the United States Court of Appeals for the Sixth Circuit set out the procedural history of the criminal

1

proceedings against Lopez and this adjunct proceeding for the civil forfeiture of property claimed by Lopez. *See United States v. $16,290 in U.S. Currency*, No. 21-6100 (6th Cir. Oct. 26, 2022) (ECF No. 32). The Court need not recite the full history of the case here. Briefly, the Court granted the government's motion to strike Lopez's Verified Claim, concluding that Lopez had waived as part of his plea agreement his right to challenge the forfeiture of any property. The Court therefore held that Lopez lacked standing to assert a claim and dismissed the case. On appeal the Sixth Circuit held that Lopez's Verified Claim alleged his standing to assert an interest in the property and that Lopez did not knowingly and voluntarily waive his right to challenge the forfeiture of his currency. *Id.* at 3-4. The Court of Appeals reversed and remanded the case for further proceedings. The Sixth Circuit issued its mandate (ECF No. 35) on December 20, 2022, and on January 3, 2023, the Court entered an administrative track scheduling order (ECF No. 36). A non-jury trial is currently set for August 28, 2023.

Lopez is currently in the custody of the Bureau of Prisons at USP Allenwood in White Deer, Pennsylvania. Following the entry of the scheduling order, Lopez addressed a pro se Motion to the Court requesting three forms of relief. First, Lopez asks the Court to appoint counsel to represent him in this matter. Second, Lopez seeks the reinstatement of a request he had filed before his successful appeal, a motion for the production of witness statements. According to Lopez, the witnesses are all referenced in testimony from Special Agent Jon Krieger, a prosecution witness who testified at Lopez's July 9, 2019 sentencing hearing in his criminal matter. Lopez needs copies of any statements the witnesses gave authorities in order to rebut Krieger's testimony. The government responded in opposition Lopez's original motion. When the Court dismissed the case for lack of standing, the Court also denied the motion for production as moot. Lopez argues that the Court should now take up the merits of the request for production. Finally, Lopez asks the

Court to hold a scheduling conference to determine whether a full opportunity for discovery is warranted.

## ANALYSIS

### I. Motion to Appoint Counsel

The Prison Litigation Reform Act ("PLRA") authorizes a district court to request that an attorney represent a prisoner "unable to employ counsel." 28 U.S.C. § 1915(e)(1). Still, "appointment of counsel in a civil proceeding is not a constitutional right and is justified only in exceptional circumstances." *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *see also Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993). Courts assess whether exceptional circumstances exist for the appointment of counsel by considering "the type of case and the ability of the plaintiff to represent himself." *Lanier*, 332 F.3d at 1006 (quoting *Archie v. Christian*, 812 F.2d 250, 253 (5th Cir. 1987)).

The Court finds that Lopez has not shown that the appointment of counsel would be in the interests of justice at this time. Lopez prepared and filed his own Verified Claim, alleging a property interest in the currency seized by the government. Lopez also successfully appealed the Court's original decision and has promptly sought post-remand relief from the Court. Having come this far, Lopez has not demonstrated why his is the exceptional case where appointment of counsel is justified. Therefore, Lopez's Motion to Appoint Counsel is **DENIED**.

### II. Motion to Reinstate Motion for Production

Lopez next asks the Court to revisit a previously denied motion for production. In his pre-appeal motion for production, Lopez stated that he had served the government with discovery requests for the production of witness statements and that the United States had not responded to his requests. Federal Rule of Civil Procedure 37 permits a party seeking discovery to file a motion

for a court order compelling a non-responsive party to produce a disclosure or other discovery. However, Rule 37 requires the party seeking such an order to first confer with the other party "in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).  In this case, the government opposed Lopez's motion for production and responded, in part, that Lopez had not attempted to confer with the Assistant United States Attorney prior to filing the motion for production. Lopez apparently addressed his request for witness statements to the government before the Court had entered a schedule or framed a discovery plan of any kind and all before the case went up on appeal.  In light of the fact that the Court will grant Lopez's separate request to hold a scheduling conference, the Court will deny his Motion to Reinstate for now and give the parties the opportunity to discuss what discovery may be needed before the case proceeds to trial.  Therefore, the Motion to Reinstate is **DENIED**.

   III.     **Motion for Scheduling Conference**

Federal Rule of Civil Procedure 16(b) requires a court to enter a scheduling order with case management deadlines, "[e]xcept in categories of actions exempted by local rule."  Fed. R. Civ. P. 16(b)(1) (stating that a district judge "must issue a scheduling order").  The United States District Court for the Western District of Tennessee has adopted a differentiated case management system for the assignment and scheduling of civil actions, depending on the nature and complexity of the case. Civil cases are assigned automatically to one of five tracks: the administrative track, pro se prisoner track, expedited track, standard track, and complex track.  Local Rule 16.2(b) lists several types of cases, which are automatically assigned to the administrative track. Administrative track cases typically do not involve discovery and would not require the parties to appear for a scheduling conference with the Court.  Rather, the Clerk of Court simply enters an administrative

track scheduling order for the case.  Local Rule 16.2(b) also vests the Court with discretion to assign to the administrative track cases other than those specifically listed in the Local Rules.

Civil forfeiture actions like this one are not designated to any specific track for purposes of differentiated case management.  The Clerk of Court assigned this case to the administrative track and entered an administrative scheduling order without a scheduling conference in accordance with Local Rule 16.2(b)(1). The administrative track scheduling order noted that "[d]ue to the nature of the case, it is not anticipated that discovery will be necessary." Admin. Track Scheduling Order 1, Jan. 3, 2023 (ECF No. 36). The order provided, nevertheless, that either party to the action could request a scheduling conference. *Id*.  Lopez has now made such a request, and the government has not responded to oppose it.  Under the circumstances, the Motion for a Scheduling Conference is **GRANTED**.  The Court will set this matter for a scheduling conference by separate order.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: March 31, 2023