IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

---

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> $16,290 IN UNITED STATES CURRENCY, ) <br> ) <br> Defendant, ) <br> ) <br> and ) <br> ) <br> ROLANDO LOPEZ, ) <br> ) <br> Claimant. ) | No. 1:20-cv-1219-STA-jay |

---

REPORT AND RECOMMENDATION

---

On August 25, 2023, the United States moved to dismiss this action, stating that "[t]he United States is no longer seeking judicial forfeiture of the Defendant United States Currency." (ECF No. 55). On September 6, 2023, Attorney Alex Camp, who the Court had previously appointed to represent Claimant Rolando Lopez pursuant to the Court's Pro Bono Plan (see ECF No. 53), filed a response to the United States' motion to dismiss advising that Mr. Lopez had not, nor did counsel believe that Mr. Lopez would, sign the fee agreement Mr. Camp had sent to him, and, as a result, Mr. Camp was without authority to respond to the pending motion to dismiss. (ECF No. 56). Mr. Camp requested in his response that the Court hold "a status conference in order to discuss the fee agreement issue and seek a finding as to what it deems appropriate." (*Id*. at ¶ 5, PageID 330). This matter was then referred to the undersigned magistrate judge for report and recommendation. (ECF No. 57).

The undersigned conducted a telephonic status conference on September 28, 2023. During the status conference, Mr. Camp advised the Court upon his appointment to represent Mr. Lopez pursuant to the Pro Bono Plan that he had expended time reviewing the case, conducting preliminary investigation and research, and communicating with counsel for the United States and Mr. Lopez. Mr. Camp further advised that Mr. Lopez would not agree to the fee petition that Mr. Camp provided him and that he did not believe that Mr. Lopez wanted Mr. Camp to represent him in this action. The Court instructed Mr. Camp to file a fee petition outlining the fee he sought, and the undersigned would consider whether to recommend that Mr. Camp receive compensation from the Court's Pro Bono Fund for his efforts.

On October 2, 2023, Mr. Camp submitted a fee petition in which he sought compensation in the amount of $2,082.80. (ECF No. 60). The fee petition was supported by an Affidavit of Attorney Fees in which Mr. Camp stated under oath that he expended 12.7 hours in his efforts to represent Mr. Lopez at an hourly rate of $164.00.[1] (*Id*. at PageID 336-339).

On November 17, 2023, Mr. Lopez submitted a motion requesting an evidentiary hearing and objecting to Mr. Camp's claim for attorney fees. (ECF No. 62). In his motion, Mr. Lopez stated that he did not consent to Mr. Camp representing him, and that he objected to any of the $16,290 that was the subject of this forfeiture action being used to compensate Mr. Camp. Mr. Lopez also requested an evidentiary hearing regarding Mr. Camp's request for fees.

Against this procedural background, the undersigned RECOMMENDS the following:

First, the Court should GRANT the United States' motion to dismiss (ECF No. 55) and DISMISS this action WITHOUT PREJUDICE.

---

[1] Mr. Camp noted that the hourly rate he sought was the hourly rate applicable at the time for attorneys appointed to represent criminal defendants pursuant to the Criminal Justice Act (CJA).

Next, the Court should award Mr. Camp a fee of $1,000, and order that fee to be paid from the Court's Civil Pro Bono Expense Fund. In an effort to "encourage greater representation of pro se indigent parties in civil cases," the Court adopted a Civil Pro Bono Plan ("the Plan") "to govern the appointment of counsel …, to create a Pro Bono Fund for reimbursement of expenses, and to establish guidelines for such reimbursement." THE PLAN FOR APPOINTMENT OF COUNSEL FOR PRO SE INDIGENT PARTIES IN CIVIL CASES OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE, Preamble (revised 2016). The Civil Pro Bono Plan provides:

> As a condition for requesting appointment of counsel, a pro se party must agree to enter into the Civil Pro Bono Panel Contract for Representation ("the Pro Bono Contract") with the appointed attorney permitting payment of a reasonable attorney's fee not to exceed the greater of 33-1/3% of the gross recovery or the amount of the court awarded attorney's fee.

*Id*. at § I.C.

It appears from the record in this matter that upon his appointment to represent Mr. Lopez, Mr. Camp, in accordance with the Court's Plan, sent Mr. Lopez a Civil Pro Bono Panel Contract for Representation. The Contract for Representation contained a contingency fee arrangement provision, again in accordance with the Plan. Mr. Lopez refused to sign the Contract for Representation. Within weeks of Mr. Camp's appointment and Mr. Lopez's refusal to execute the Contract for Representation, the United States moved to dismiss this action.

The Court appreciates Mr. Camp's willingness to accept this pro bono appointment. The Court does not often appoint counsel in civil cases but in those circumstances in which it does, it is critical that experienced and competent counsel be willing to take such appointments. It would be inequitable for Mr. Camp to have accepted a civil appointment at the Court's request, engage in preliminary investigation, research, and communications, but not be compensated for his endeavors because the United States opted to dismiss this case shortly after Mr. Camp's

3

appointment. As such, it would be unfair for Mr. Camp to receive no compensation under these circumstances. Further, the hourly rate of compensation Mr. Camp seeks is reasonable and the hours he expended in his attempt to represent Mr. Lopez appear to be reasonable as well. While Mr. Camp clearly deserves compensation, the Pro Bono Expense Fund is limited and its purpose is to reimburse attorneys for expenses that they may incur during their course of pro bono representation of a client. However, the undersigned finds that it would be unjust for Mr. Camp not to receive any compensation and recommends that Mr. Camp be awarded a fee in the amount of $1,000. The Court should exercise its discretion over the Pro Bono Expense Fund and order Mr. Camp's $1,000 to be paid from the Fund.

Finally, in light of the recommendation that Mr. Camp's fee be paid from the Court's Pro Bono Fund and not from Mr. Lopez's property that is the subject of this forfeiture action, the undersigned recommends that Mr. Lopez's motion for evidentiary hearing (ECF No. 62) be DENIED AS MOOT and his objection to Mr. Camp receiving a fee be OVERRULED.

Respectfully submitted this the 9th day of January, 2024.

s/Jon A. York
UNITED STATES MAGISTRATE JUDGE

**IF DESIRED, AN APPEAL OF THIS REPORT AND RECOMMENDATION TO THE PRESIDING DISTRICT COURT JUDGE MUST BE FILED WITHIN FOURTEEN (14) DAYS OF THE SERVICE OF A COPY OF THIS ORDER.** *SEE* **28 U.S.C. § 636(b)(1)(C); LOCAL RULE 72(g)(2). FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**